UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case # 19-CR-6135-FPG |
| PERRY SANTILLO, JR., | DECISION AND ORDER |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case # 21-CR-6185-FPG |
| CHRISTOPHER PARRIS, | DECISION AND ORDER |
| Defendant. | |

## INTRODUCTION

The government has moved to amend the Final Orders of Restitution (the "Restitution Orders") entered against Defendants Perry Santillo, Jr. and Christopher Parris. No. 19-CR-6135, ECF No. 95; No. 21-CR-6185, ECF No. 17. The government has also filed a motion to seal Exhibit A to its motions. No. 19-CR-6135, ECF No. 94; No. 21-CR-6185, ECF No. 16. Neither Defendant has filed a response. As explained below, the government's motions to seal are GRANTED and the motions to amend are DENIED.

## BACKGROUND

On October 2, 2019, Defendant Santillo pled guilty to conspiracy to commit mail fraud, 18 U.S.C. § 1349, mail fraud, 18 U.S.C. § 1341, and conspiracy to launder money, 18 U.S.C. § 1956(h). *See* No. 19-CR-6135, ECF No. 4. He was sentenced on January 13, 2022 and was ordered to pay $102,952,582.77 in restitution, jointly and severally with Defendant Parris. *See* No. 19-CR-6135, ECF No. 60. Defendant Parris pled guilty to conspiracy to commit mail fraud,

1

18 U.S.C. §§ 1341, 1349, on August 10, 2021. No. 21-CR-6082, ECF No. 37. He was sentenced on December 19, 2022, and ordered to pay $102,952,582.77, jointly and severally with Defendant Santillo. No. 21-CR-6082, ECF No. 66.

On August 2, 2023, "Victim A"[1] contacted the United States' Attorney's Office for the Western District of New York and stated that, although he had completed the victim questionnaire in July 2020, he was not included in the Restitution Orders. *See* No. 19-CR-6135, ECF No. 95 ¶ 6; No. 21-CR-6185, ECF No. 17 ¶ 6. According to the government, "Victim A is a confirmed, known victim of the criminal conduct that both [Santillo and Parris] pled to," and his loss amount was included in loss calculations prior to the final order of restitution. *Id.* However, it was later discovered that "Victim A was inadvertently omitted from the restitution victim spreadsheet provided to U.S. Probation and [the] Clerk, District Court, due to a clerical error." *Id.* Victim A's loss amount is $30,585.40. *Id.*

The government states that Victim A and his loss "had previously been included with the over 800 other victims in restitution calculations," but was omitted from the final order "due to an oversight." *Id.* Due to the extensive list of victims, the government did not discover this clerical error until the victim reviewed the judgment and alerted the government to the omission. *Id.*

## DISCUSSION

**I.     The Motions to Seal**

The government has also moved to seal Exhibit A to its motions to amend, which identifies Victim A by name. *See* No. 19-CR-6135, ECF No. 94; No. 21-CR-6185, ECF No. 16. Both the common law and the First Amendment accord a presumption of public access to judicial documents. *See United States v. Doyle*, No. 19-CR-2, 2019 WL 3772885, at *1 (W.D.N.Y. Aug.

---

[1] In accordance with the Court's decision to grant the government's motion to seal, the Court will refer to the victim as "Victim A" throughout this Decision and Order.

9, 2019) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Therefore, when a party moves to seal a document, courts must engage in a three-step analysis to determine whether the document should be sealed. *See id.* First, the court must determine whether the document is a "judicial document" to which the presumption of access attaches, that is, whether the document "is relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). If it is, the Court must determine the weight of the presumption of access, which "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant vale of such information to those monitoring the federal courts." *Id.* (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1049 (2d Cir. 1995)). Finally, the court must balance the weight of the presumption against "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *Amodeo II*, 71 F.3d at 1050).

    The government's exhibit should be sealed. The exhibit is a judicial document to which a strong presumption of access attaches, because it is relevant to the judicial function in that, if the Court had granted the government's motion, Victim A would have been added to the Restitution Orders. *See Doyle*, 2019 WL 3772885, at *2 (restitution statement containing victim names and medical records was a judicial document to which strong presumption of access attached). Nevertheless, Victim A has a stronger interest in maintaining privacy over his identity, and courts in this Circuit routinely seal documents that reveal the identities of victims entitled to restitution in criminal cases. *See e.g.*, *id.* (sealing government's restitution statement); *United States v. Moore*, Nos. 09-CR-881-1, 12-CV-1600, 2015 WL 3457242, at *6 (S.D.N.Y. May 29, 2015)

(noting that schedule of victims providing the names and addresses of defendant's victims were filed under seal).

The government's motions to seal are therefore granted.

II.     The Motions to Amend the Restitution Orders

   a. Rule 36

A district court may not resentence a defendant unless so ordered by the Court of Appeals or United States Supreme Court, *see* 28 U.S.C. § 2106, or pursuant to the "strict conditions established by Federal Rules of Criminal Procedure 35 or 36." *See United States v. Spallone*, 399 F.3d 415, 421 (2d Cir.2005)). Under Federal Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "A clerical error is minor or uncontroversial, an error of recitation, of the sort that a clerk . . . might commit, mechanical in nature, amounting to little more than substituting a right number for a wrong number." *United States v. Urena*, No. 99 Cr. 0073, 2010 WL 4823593, at *4 (S.D.N.Y. Nov. 29, 2010) (quoting *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996); *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)) (internal quotation marks omitted).

Although Rule 36 permits a district court to correct a "clerical error," such that "the written judgment . . . conforms with the oral sentence pronounced by the court," it cannot be used to rectify a substantive sentencing error or to amend "the oral sentence itself." *Werber*, 51 F.3d at 347. "To that end, Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *Urena*, 2010 WL 4823593, at *4 (quoting *Werber*, 51 F.3d at 347).

4

Examples of clerical errors include where the court "announces forfeiture at sentencing" but "fails to include it in the subsequent written judgment," *United States v. Petix*, 767 F. App'x 119, 122 n.4 (2d Cir. 2019) (summary order), "misstates the section under which the defendant was convicted, misidentifies the pertinent count in imposing a statutory minimum, or reads the defendant's name incorrectly." *Werber*, 51 F.3d at 347 n.13.

Courts have made similar corrections to clerical errors in restitution orders pursuant to Rule 36. *See e.g.*, *United States v. Jackson*, 111 F.3d 124 (2d Cir. 1997) (unpublished) (affirming district court's amendment of restitution to explicitly identify payee without changing restitution amount); *Drayer v. United States*, 2021 WL 6064826, at *3 (E.D.N.Y. Dec. 22, 2021) (reducing amount of restitution to match government's restitution breakdown, where, due to a clerical error, the government's restitution figure accounted only for reduced amount in payments to identified victims); *United States v. Ojeikere*, No. 03 CR. 581, 2007 WL 2076695 (S.D.N.Y. July 9, 2007) (reducing amount of restitution by $600,000 to reflect the correct sum of restitution amounts announced at sentencing).

But Rule 36 does not permit changes to the restitution obligations imposed at sentencing that would either result in a substantive change in the judgment or would reflect the court's unexpressed sentencing intentions. *See United States v. Romano*, No. 09-CR-170, 2022 WL 2666914, at *13 (E.D.N.Y. July 11, 2022). In *Romano*, for example, the government and defendants agreed that the list of individual defendants held jointly and severally liable was "mistakenly left incomplete," and should have included two other individuals, who, the parties contended, were part of the same conspiracy. *Id.* at 13. The court concluded that, to the extent the omission was inadvertent, it "still [did] not constitute a clerical error," because adding the two individuals to the list of those held jointly and severally liable would be "a substantive change to

5

the judgements." *Id.* Moreover, to the extent that the government had previously indicated by letter that the two individuals should be included on the amended judgments, the court concluded that that letter did not "represent the expressed intentions of the sentencing judge," such that Rule 36 would permit a correction. *See id.*

### b. The Motions to Amend

The government asserts that Victim A and his loss were "inadvertently omitted from the restitution victim spreadsheet . . . due to a clerical error." No. 19-CR-6135, ECF No. 95 ¶ 6; No. 21-CR-6185, ECF No. 17 ¶ 6. As explained below, this omission is not the type of "clerical error" that the Court may correct pursuant to Rule 36, and the government's motions are denied.

Amending the Restitution Orders to include Victim A's loss would substantively alter the judgment and would not reflect the expressed intentions of the Court at sentencing. Doing so would therefore go beyond what Rule 36 permits. *See Werber*, 51 F.3d at 347; *Romano*, 2022 WL 2666914, at *13. At sentencing, the Court ordered Defendants Santillo and Parris to make restitution to the victims in the amount of $102,952,582.77. *See* No. 19-CR-6135, ECF No. 58; No. 21-CR-6082, ECF No. 65. Amending the Restitution Orders to increase the amount of restitution imposed, even by less than one tenth of one percent, would amend, not conform the Restitution Orders to, the Court's oral sentence. *See Werber*, 51 F.3d at 347. It would likewise substantively amend the judgments entered on January 28, 2022 (Santillo), No. 19-CR-6135, ECF No. 60, and December 28, 2022 (Parris), No. 21-CR-6082, ECF No. 66, not merely correct a clerical error in those judgments. *See Romano*, 2022 WL 2666914, at *13.

Moreover, the Court's oral sentences were consistent with the restitution figures identified in the Presentence Investigation Reports and the government's sentencing statements in both cases, which did not include Victim A's loss. *See* No. 19-CR-6135, ECF No. 49 at 44; ECF No. 52 at 2; No.

21-CR-6082, ECF No. 51 at 2; ECF No. 61 at 52.  There is therefore no indication in the record that the Court expressed its expectation that Victim A's loss would be included in the Restitution Orders.  Rule 36 is therefore not the proper vehicle for the amendment that the government requests.  *See Romano*, 2022 WL 2666914, at *13; *Urena*, 2010 WL 4823593, at *4 (quoting *Werber*, 51 F.3d at 347).

The Court acknowledges the harshness of the result to Victim A, who was omitted from the Restitution Orders through no fault of his own.  Nevertheless, the government has not demonstrated that Rule 36 permits this Court to amend the Restitution Orders to include his loss.  For these reasons, the government's motions to amend the Restitution Orders are denied.

## CONCLUSION

For the foregoing reasons, the government's Motions to Seal, ECF No. 19-CR-6135, ECF No. 94, ECF No. 21-CR-6185, No. 16, are GRANTED, and the government's Motions to Amend, No. 19-CR-6135, ECF No. 95, No. 21-CR-6185, ECF No. 17, are DENIED.

IT IS SO ORDERED.

Dated: December 5, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York